# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| PATRICIA MICHELLE SHOEMYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-4199-MDH |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT MISSOURI DEPARTMENT OF CORRECTIONS' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Missouri Department of Corrections ("Defendant" or "MDOC") and for its Answer to Plaintiff's Complaint, states as follows:

MDOC denies all allegations contained in the Complaint unless it specifically admits the allegation in this Answer. All Paragraph references contained in this responsive pleading refer to paragraphs within Plaintiff's Complaint, unless clearly stated otherwise.

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, MDOC denies the allegations.

2. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies the allegations.

3. MDOC admits that it is an Executive Department for the State of Missouri and has its headquarters in Jefferson City, Cole County, Missouri. MDOC denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the allegations.

## PARTIES

5. MDOC denies the allegations contained in Paragraph 5 of the Complaint as stated. MDOC states that Plaintiff was hired by MDOC in November 2002 and continued working for MDOC until February 2009. MDOC further states that Plaintiff was rehired by MDOC on October 12, 2015 and was dismissed from MDOC on September 6, 2009.

6. The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is

deemed necessary, MDOC denies the allegations contained in Paragraph 6 of the Complaint.

## ADMINISTRATIVE PROCEDURES

7. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies the allegations.

8. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore denies the allegations.

9. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies the allegations.

## FACTS

10. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore denies the allegations.

11. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore denies the allegations.

12. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore denies the allegations.

13. MDOC denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies the allegations.

15. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies the allegations.

16. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies the allegations.

17. MDOC denies the allegations contained in Paragraph 17 of the Complaint.

18. MDOC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore denies the allegations.

## COUNT I – ILLEGAL RETALIATION

19. MDOC incorporates by reference herein the responses contained in paragraphs 1-18 as if set forth fully herein.

20. MDOC denies the allegations contained in Paragraph 20 of the Complaint.

21. MDOC denies the allegations contained in Paragraph 21 of the Complaint.

22. MDOC denies the allegations contained in Paragraph 22 of the Complaint.

Plaintiff's WHEREFORE Paragraph following Paragraph 22 is a request for relief and no response is required. To the extent a response is deemed necessary, MDOC denies the allegations, including all subparts.

## JURY DEMAND

MDOC demands a jury trial on all issues triable to a jury.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against MDOC because there are no facts to support a claim for retaliation in Plaintiff's Complaint. Namely, Plaintiff has not properly pled facts to show an adverse employment action against MDOC that she allegedly suffered based on a prior complaint of gender discrimination or sexual harassment, or that her complaints were a contributing or motivating factor in any employment decision. Even though

5

she alleges retaliation, there are no adverse employment actions that are actually tied to her prior complaint(s) in any manner.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks to establish a claim for "hostile work environment" it fails to state a claim upon which relief can be granted in that it has not stated facts establishing conduct amounting to severe gender discrimination or sexual harassment causing a hostile work environment.

## THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by MDOC with respect to Plaintiff were taken in good faith in that even if it could be found that MDOC violated any statutory or constitutional rights, which MDOC adamantly denies, those actions were made for legitimate, non-retaliatory and non-discriminatory reasons, the alleged conduct does not meet the statutory standard for gender discrimination, sexual harassment, hostile work environment, or retaliation, and any alleged adverse employment action asserted by the Plaintiff is completely unrelated to any alleged protected activity. All employment decisions by MDOC were based on legitimate, non-discriminatory business reasons.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks to establish a "continuing action" it fails to state a claim upon which relief can be granted in that it has not stated facts establishing a "continuous" course of discriminatory conduct or that recovery for such is available to Plaintiff. To the extent this lawsuit attempts to expand the scope of the litigation to include any event and/or conduct allegedly in violation of Title VII that pre-dates six months and/or 300 days prior to Plaintiff's filing of her Charge of Discrimination or two years prior to the filing of Plaintiff's Complaint, it exceeds the scope of any well-pleaded facts in the Complaint and should therefore be dismissed or disallowed.

## FIFTH AFFIRMATIVE DEFENSE

Any claims regarding any alleged discrimination, retaliation, or hostile work environment against Plaintiff prior to May 7, 2019 (or in and around that time frame) and/or January 8, 2019 (or in and around that time frame) are time-barred because Plaintiff failed to file a timely charge of discrimination.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to exhaust her administrative remedies and/or failing to file a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), thus resulting in prejudice.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no compensable damages and/or failed to mitigate damages. To the extent that Plaintiff did not obtain comparable employment, did not accept employment, or has not taken advantage of employment opportunities during the course of litigation, she has failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that any punitive damage credits or offsets may apply to this matter under the law, MDOC requests that the court apply any credits that are applicable. To the extent that MDOC pays a punitive damage award for the same or similar conduct between now and the conclusion of this matter, involving the same individuals, and MDOC takes steps to remedy the situation, MDOC is entitled to a credit or offset for those already paid.

## NINTH AFFIRMATIVE DEFENSE

Employers, such as MDOC, have the legal right to make business and personnel decisions for good reason, bad reason, or no reason at all so long as the decision is not made for a reason that violates the law. The wisdom or propriety of the MDOC's decisions with respect to its methods of operation, organization, or management is not an issue before the jury. Here, all decisions made regarding Plaintiff were made with sound business judgment and for business-related reasons.

## TENTH AFFIRMATIVE DEFENSE

All statutory caps on actual and punitive damages outlined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* and 42. U.S.C. § 1981a (b)(1),(3)(A)-(D), apply to this matter. MDOC requests that the court apply all of them at the time the case is submitted to the jury.

## ELEVENTH AFFIRMATIVE DEFENSE

MDOC exercised reasonable care to prevent and correct any harassing behavior or hostile work environment. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by her employer to avoid any alleged harm.

## TWELFTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against the State, and the MDOC is an arm of the state. *See* 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526 (1999).

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint alleges punitive damages, it fails to state a claim upon which relief can be granted in that it has not stated facts establishing "intentional discrimination" with "malice" or "reckless indifference" to a federally protected right of Plaintiff. *See* 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that it has not stated facts establishing that she suffered "actual damages" or "emotional distress or mental anguish."

## FIFTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against MDOC because it made every good faith effort to comply with Title VII. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

## SIXTEENTH AFFIRMATIVE DEFENSE

MDOC incorporates by reference each and every other affirmative defense that may be uncovered or made known during the investigation and discovery of this case. MDOC specifically reserves the right to amend this answer to include additional affirmative defenses after they are discovered.

Accordingly, the MDOC moves for a dismissal of Plaintiff's claims with prejudice.

Respectfully Submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

*/s/ Karen A. Read*
Karen A. Read
Missouri Bar Number: 47855
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106

Telephone: (573) 301-7415
Facsimile: (816) 889-5006
Email: Karen.Read@ago.mo.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on this 22nd day of October, 2020, with the Clerk of the Court to be served upon all counsel of record using the Court's CM/ECF filing system.

*/s/ Karen A. Read*
Karen A. Read