IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA MICHELLE SHOEMYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MISSOURI DEPARTMENT ) <br> OF CORRECTIONS, ) <br> ) <br> Defendant. ) | Case No. 2:20-cv-04199-MDH |

**ORDER**

Before the Court are Plaintiff Shoemyer's ("Plaintiff's") Motions in Limine (Docs. 47 and 48) and Defendant Missouri Department of Corrections' ("MDOC's") or ("Defendant's") Motions in Limine. (Doc. 54). Each party has responded to the other's Motions in Limine. The Court heard oral argument on the pending motions during the pretrial conference. The matter is now ripe for review. For reasons herein, both Plaintiff's and Defendant's Motions in Limine are GRANTED IN PART AND DENIED IN PART.

I. **Plaintiff's First Motions in Limine (Doc. 47)**
   a. **Motions in Limine One and Two**

Plaintiff moves this Court to exclude all testimony from any witness not listed in Defendant's Rule 26 disclosures and any witness disclosed through untimely Rule 26 notice, specifically Nikki Wallace, Matt Briesacher, Alayna Boyles, and Leslie LaBon. In support, Plaintiff argues Defendant failed to provide initial Rule 26 disclosures until eight days before the close of discovery (Doc. 43) and supplemented those disclosures once, only one month before trial (Doc. 58). Plaintiff's initial Rule 26 disclosures lists as possible witnesses Plaintiff Shoemyer,

1

Nikki Wallace, Matt Briesacher, Alayna Boyles, and Leslie LaBon. Plaintiff's supplemental disclosure adds Dean Minor, Chantay Godert, Darrell Wagganer, Wendy Stokes, and Michael Lawzano. Plaintiff's Motion is OVERRULED as to Nikki Wallace, Matt Briesacher, Alayna Boyles, Leslie LaBon, and Chantay Godert. Plaintiff's Motion is SUSTAINED, however, as to Michael Lawzano, Dean Wagganer, and Wendy Stokes, as Defendant disclosed none prior to Defendant's supplemental Rule 26 disclosures a month before trial. Witness Godert is permitted to testify, as Plaintiff included Witness Godert in Plaintiff's initial Rule 26 disclosures.

   b. **Motion in Limine Number Three**

SUSTAINED.

   c. **Motion in Limine Number Four**

SUSTAINED.

   d. **Motion in Limine Number Five**

SUSTAINED, apart from Witnesses Joe Heightman and Jennifer Mixson.

   e. **Motion in Limine Number Six**

SUSTAINED.

   f. **Motion in Limine Number Seven**

SUSTAINED.

   g. **Motion in Limine Number Eight**

OVERRULED.

   h. **Motion in Limine Number Nine**

SUSTAINED.

   i. **Motion in Limine Number Ten**

OVERRULED.

### j. Motion in Limine Number Eleven

SUSTAINED.

### k. Motion in Limine Number Twelve

Plaintiff's motion to exclude certain evidence from Plaintiff Shoemyer's coworkers about Plaintiff Shoemyer's performance is GRANTED IN PART AND DENIED IN PART. Coworkers with personal knowledge about Plaintiff Shoemyer's performance may testify about Plaintiff Shoemyer's conduct they personally observed that specifically relates to Defendant's two stated reasons for termination, but may not testify about conclusions drawn about that behavior, like whether it complied with policy or amounted to be being an effective "team player."

## II. Plaintiff's Second Motions in Limine (Doc. 48)
### a. Motion in Limine Thirteen

SUSTAINED.

### b. Motion in Limine Fourteen

SUSTAINED.

### c. Motion in Limine Number Fifteen

Plaintiff moves this Court to allow Plaintiff to introduce as evidence at trial verdicts against MDOC in other employment cases. This Court DENIES Plaintiff's request, as cases cited by Plaintiff are not sufficiently related to the present matter in time and place so to be admissible under 404(b) and its Eighth Circuit progeny. This is in part because cases Plaintiff cites involve different MDOC facilities in years past, unrelated to the present matter. During oral argument, Plaintiff further moved this Court deem admissible testimony from Joe Heightman, also alleged to have suffered retaliation related to the facts underlying this case. Plaintiff also seeks this Court to deem as admissible testimony from Jennifer Mixson, alleged to have personal knowledge of facts at issue in this case, who left employment with MDOC on her own will. Defendant does not object

to testimony from Heightman or Maxson as described by Plaintiff and the Court does not intend to exclude such testimony, though the Court will entertain further objection from Defendant at trial if appropriate.

III. **Defendant's Motions in Limine (Doc. 54)**
   a. **Motion in Limine One**

OVERRULED.

   b. **Motion in Limine Two**

SUSTAINED.

   c. **Motion in Limine Three**

SUSTAINED.

   d. **Motion in Limine Four**

SUSTAINED.

   e. **Motion in Limine Five**

SUSTAINED.

   f. **Motion in Limine Six**

SUSTAINED.

   g. **Motion in Limine Seven**

OVERRULED as written. This Court, however, instructs Defendant to object where appropriate should such evidence become too far afield of the specific issues in this matter.

   h. **Motion in Limine Eight**

SUSTAINED.

### i. Motion in Limine Nine

This court SUSTAINS Plaintiff's motion to the extent it involves witnesses other than those discussed in Plaintiff's Motion in Limine Number Fifteen, namely Joe Heightman and Jennifer Mixson.

### j. Motion in Limine Ten

SUSTAINED.

Finally, the parties are reminded these rulings are interlocutory. *See Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) ("Where a trial judge reserves the right to change her pretrial ruling or guidance on an evidentiary issue during trial, the pretrial ruling is unappealable."). The parties are encouraged to reassert their objections at trial if they deem it appropriate to do so. *Id.* ("Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial.").

**IT IS SO ORDERED.**

DATED: February 8, 2023

                                                   */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**